STEPHENS, J.
*590 Tab-N-Action, Inc. d/b/a Excellence Academy appeals the judgment of the Fourth Judicial District, Parish of Ouachita, State of Louisiana, in favor of the Monroe City School Board. For the following reasons, we affirm the trial court's judgment.
FACTS
Tab-N-Action, Inc. d/b/a Excellence Academy ("Excellence Academy") is a Louisiana nonprofit corporation with its purpose to operate a type 1 charter school in the city of Monroe, Louisiana. Type 1 charter schools, like Excellence Academy, are authorized by a local school board, in this case Monroe City School Board ("MCSB" or "school board"). The MCSB and Excellence Academy entered into the charter school operating agreement effective July 1, 2013, and Excellence Academy began operation in the 2013-14 school year, serving grades six through eight.
Louisiana's charter school statutes, La. R.S. 17:3992(A)(1) and La. R.S. 17:3998(B), dictate the procedure for extending, renewing, or revoking a school's charter, and it was under that statutory mandate the MCSB approached Excellence Academy's charter extension. Due to delays in reporting by the Louisiana Department of Education, the MCSB's ability to perform its evaluation was delayed into the 2016-17 school year-Excellence Academy's fourth year of operation. The MCSB sought proposals from independent, third-party companies to perform the extension evaluation, and the consulting firm TenSquare LLC ("TenSquare") was chosen to conduct the review.
TenSquare performed an extension review and in April 2017 submitted a report to the MCSB recommending that Excellence Academy's charter not be extended for a fifth year based on unsatisfactory findings in the financial and organizational areas. Thus, at the April 11, 2017, open meeting, the MCSB voted against the extension of the school's charter in a 5-2 vote. Effectively, there would be no 2017-18 school year for Excellence Academy.
Excellence Academy filed suit in federal court, seeking declaratory and injunctive relief, which was granted in part and denied in part. The federal court ordered the MCSB to refrain from taking further action in the revocation of the charter until Excellence Academy was allowed adequate opportunity to contest the TenSquare report. The federal court ordered a hearing be held for this purpose no later than June 7, 2017. The hearing was held by the MCSB on June 6, 2017, and again the board voted on whether to extend the school's charter for a fifth year. The vote not to extend the school's charter was 4-1-1.
Excellence Academy then filed a mandamus lawsuit in the Fourth Judicial District Court, alleging that the MCSB had a duty to extend the charter but disregarded that duty when it relied on TenSquare's report. Further, Excellence Academy argued that the school board was required to give Excellence Academy notice of nonrenewal prior to January 31, 2017, which the MCSB did not do. It sought the issuance of a writ of mandamus ordering the MCSB to extend the school's charter for a fifth year. In response, the MCSB filed various exceptions, which it requested be considered prior to the merits of Excellence Academy's petition.
At the July 27, 2017, hearing on the matter, the trial court sustained the *591 MCSB's (1) exception of improper cumulation of actions, dismissing Excellence Academy's claim for damages without prejudice; and, (2) exception of no cause of action for mandamus, dismissing the petition with prejudice. However, the trial court did allow Excellence Academy's amendment to its petition asserting a claim for specific performance by ordinary proceeding. Thus, Excellence Academy immediately amended its petition, filing a second supplemental and amended petition, making essentially the same claims as in the petition for mandamus. At the same hearing, Excellence Academy called several witnesses in support of continuing the school's charter. Court was recessed and reconvened on July 31, when additional witnesses were called on the school's behalf.
At the conclusion of Excellence Academy's case, the MCSB filed its motion for involuntary dismissal, which the trial court took under advisement. Ultimately, the trial court granted the motion finding that the MCSB acted within its discretion and fulfilled its obligation under the charter contract and Excellence Academy failed to establish its claims. A final judgment was signed by the trial court on August 14, 2017, and this appeal ensued by Excellence Academy.
DISCUSSION
On appeal, Excellence Academy brings four assignments of error, with three intertwined issues to be considered. First, Excellence Academy argues that the MCSB should have evaluated the school under La. R.S. 17:3998 applicable to charter extensions and not the more stringent La. R.S. 17:3992. Second, the trial court erred and should have recognized that the MCSB used the improper evaluation, and the improper legal standard was utilized. Finally, Excellence Academy argues the trial court abused its discretion in not extending the school's charter for a fifth year.
As noted by the Louisiana Supreme Court in Red Stick Studio Dev., L.L.C. v. State ex rel. Dep't of Econ. Dev. , 2010-0193 (La. 1/19/11), 56 So.3d 181, 187-88 (citing M.J. Farms, Ltd. v. Exxon Mobil Corp. , 2007-2371 (La. 7/1/08), 998 So.2d 16, 27 ):
The starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. However, when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. Moreover, when the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
With these guiding principles in mind, we consider the relevant statutes to this case.
Louisiana R.S. 17:3992 provides in pertinent part:
A. (1) Unless revoked as provided for in Subsection C of this Section, an approved school charter shall be valid for an initial period of four years and may be extended for a maximum initial term of five years, contingent upon the results of a review conducted after the completion of the third year as provided in R.S. 17:3998. The charter may be renewed for additional periods of not less than three nor more than ten years after thorough review by the approving chartering authority of the charter school's operations and compliance with charter requirements. The *592 chartering authority shall notify the chartering group in writing of any decisions made relative to the renewal or nonrenewal of a school's charter not later than January thirty-first of the year in which the charter would expire. A notification that a charter will not be renewed shall include written explanation of the reasons for such nonrenewal. Pursuant to Subsection C of this Section and using such annual review process, a charter may be revoked for failure to meet agreed-upon academic results as specified in the charter. (Emphasis added).
Louisiana R.S. 17:3998 provides, in pertinent part:
B. Each charter school shall be reviewed by its chartering authority after the completion of the third year. If the charter school is achieving its stated goals and objectives pursuant to its approved charter, then the chartering authority shall extend the duration of the charter for a maximum initial term of five years as provided in R.S. 17:3992(A)(1). If the charter school is not achieving its stated goals and objectives pursuant to its approved charter, then the chartering authority shall not extend the duration of the charter, and the charter shall expire at the end of the school's fourth year.
Thus, under Louisiana's statutory scheme governing charter schools, once a charter is granted there are three procedural avenues for its potential future: revocation, extension, or renewal. These actions may be made at different points in a charter school's existence. Excellence Academy submits that the MCSB erred procedurally and did not review its charter under La. R.S. 17:3998(B), instead using the stringent standards applicable when a school has completed its initial five-year charter renewal under Section 3992. According to the school, it was meeting its "goals and objectives," its charter should have been extended for the duration of five years, and the MCSB and the trial court erred by finding otherwise. We disagree.
In thorough reasons for judgment wherein the applicable statutory procedure was considered, the trial court correctly determined, as did the federal court before it, that this matter involved an extension of Excellence Academy's charter. The trial court properly considered this extension under La. R.S. 17:3992, and the wording of the statute is clear; notably, a title I charter school has an initial term of four years. Following the initial four-year term, that charter school's term "may be extended" to a maximum term of five years, pending a review after the third year as provided in Section 3998. That is precisely what occurred in this case. Excellence Academy, upon the grant of its charter, had an initial four-year term, with a possible extension for a fifth year and beyond. State law provides, explicitly, that the fifth year of operation is conditional upon approval by the local school board to grant the extended charter. Thus, Excellence Academy's four-year term was set to complete in the 2016-2017 school year, as provided by statute. After receiving the TenSquare review evaluation, the school board properly exercised its discretion, again as provided by statute. Following a public hearing and vote of the board, the MCSB exercised its discretion "contingent upon the results of a review" in not granting the extension for the fifth year-again, as provided by statute.[1]
*593 Furthermore, the action by the MCSB is what the parties agreed to contractually. The MCSB's decision was in keeping with the express wording of the charter agreement, which states, in pertinent part:
1.4 Term. The Term of this Agreement shall be five years, expiring on June 30, 2018, unless terminated or extended pursuant to the terms hereof. Approval to operate during the fifth year of the initial term shall be contingent upon the results of a review conducted after the completion of the third year as provided for in state statute LSA-R.S. [17:]3998. (Emphasis added).
The parties also agreed that evaluation of Excellence Academy's performance would be "based on educational, financial and organizational performance using the indicators and standards set out in MCSB Policy[.]"
The MCSB's general policy governing charter schools mandates the following:
B. Each type 1 ... charter school's extension review shall be used to determine if the school will receive a one-year extension, as follows:
1. Contract Extension
a. Each charter school shall be reviewed based on academic, financial, and legal and contractual performance data collected by the Department of Education. If such performance data reveal that the charter school is achieving the following goals and objectives , the board shall extend the duration of the charter for a maximum initial term of five years;
i. a current financial performance evaluation that meets or approaches the standards required by the charter school performance compact; and
ii. a current organizational performance evaluation that meets or approaches the standards required by the charter school performance company;
* * * *
2. Schools that Fail to Meet Extension Standards
a. If a charter school fails to meet any of the standards set forth in Paragraph B.1 of the Section, MCSB may, at the superintendent's recommendation, take one of the following actions based on information provided:
* * * *
ii. allow the charter to expire at the end of the school's fourth year of operation.
(Emphasis added).
A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished. La. C.C. art. 1906. Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art. 2045 ; BRP LLC (Delaware) v. MC Louisiana Minerals LLC , 50,549 (La. App. 2d Cir. 5/18/16), 196 So.3d 37, 47. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046 ; Id.
Here, there is no misunderstanding the words of the charter agreement as well as the school board's general policy regarding charter schools. The charter agreement and the MCSB's general policy clearly envision that Excellence Academy's continued existence would be contingent on the results of a review by the MCSB, which was not contractually (or statutorily) obligated to extend the school's charter to a fifth year. TenSquare is a nationally recognized charter school support organization, and both the MCSB and the trial court, making factual findings, reasonably relied on the findings of its report. The report evaluated Excellence Academy *594 based on academic, financial, and organizational performance data as contemplated in the school board's general policy. Further, we point out the school board's general policy on charter schools articulates the "goals and objectives" of a charter school-not to be confused with a school's mission.[2] Based on that stated criterion, the MCSB determined that the school failed to meet its charter contract extension standard. Specifically, although the school met the MCSB standard for student academic performance, TenSquare concluded that Excellence Academy did not meet the standard for financial or organizational performance.
The school board considered the case of Excellence Academy not once but twice, both times relying on TenSquare's recommendation and exercising its discretion not to extend the charter for a fifth year. Ultimately, Excellence Academy had a third bite at the apple with the trial court, which again rejected its argument. In fact, we find no error in the trial court's determination that the MCSB operated within its discretion in not extending the school's charter for the optional fifth year. Thus, we conclude there was no abuse of discretion by the trial court, which not only correctly applied the statutory law as mandated for this title I charter school, but also properly interpreted the charter agreement terms as agreed to by Excellence Academy and the MCSB. These assignments of error are without merit.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court in favor of the Monroe City School Board and against Tab-N-Action, Inc. d/b/a Excellence Academy. All costs of this appeal are to be assessed to Excellence Academy.
AFFIRMED.

Excellence Academy's argument regarding the notification date is inapplicable to the situation at hand. The January 31 date as stated in the statute clearly applies to "renewal or nonrenewal" and not "extension."

Excellence Academy's stated "mission" "is to provide a rigorous and differentiated academic program strengthened by a broad musical arts curriculum, enabling students to become college and career ready critical thinkers, lifelong learners, and positive contributors to society."